## WACHSMAN v. COOPER.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

BILLS AND NOTES ☞518(2), 525—ACTION—SUFFICIENCY OF EVIDENCE—ACCOM-
MODATION NOTE.

Evidence in an action against the indorser of notes *held* not to sustain the alleged defense that they were accommodation notes taken by plaintiff with notice and without consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1818, 1832–1839; Dec. Dig. ☞518(2), 525.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Wachsman against Samuel Cooper. From a judgment rendered in favor of the defendant upon a trial before the court without a jury, plaintiff appeals. Reversed, and judgment ordered for plaintiff for the full amount claimed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

I. Gainsburg, of New York City, for appellant. ·
Aaron W. Levy, of New York City, for respondent.

WHITAKER, J. The action is brought against the defendant as an indorser of two promissory notes, each for $125. The complaint alleges that one Schwartz and Cooper (the defendant) were copartners in business at the time the notes were made and indorsed; that on March 5, 1915, Black & Silverman, as copartners, made the notes in suit to the order of themselves, and duly indorsed and delivered them to Schwartz and Cooper (the defendant), who were copartners; that before the maturity of the notes Schwartz and Cooper indorsed said notes and delivered the same to Frank Gens & Co., Incorporated, for value; that before the maturity thereof the said Frank Gens & Co., Incorporated, duly indorsed and delivered said notes to plaintiff for value. The complaint also alleges due presentation, etc.

The only defense set up in the answer and relied upon by the defendant is that the notes were accommodation notes, and that the plaintiff took them with notice and gave no consideration therefor. There is uncontradicted evidence that Frank Gens & Co., Incorporated, advanced to Schwartz & Cooper the full amount of said notes, and that the plaintiff also paid the full face value for said notes to Frank Gens & Co., Incorporated. This evidence is ·corroborated by checks from Frank Gens & Co., Incorporated, to the order of Schwartz & Cooper, and by a check from Max Wachsman (the plaintiff) to Frank Gens & Co., Incorporated. The record has a large amount of evidence which is immaterial to the issue. It contains no evidence which tends to constitute a defense to the two causes of action.

The judgment should be reversed, with $30 costs, and judgment ordered for the plaintiff for the full amount claimed, with proper costs in the court below. .All concur.